UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| CHARLES G. HOLT, | ) |
| Plaintiff, | ) Civil Action No. 09-278-HRW |
| v. | ) |
| C.O. GADBERRY, *et al.*, | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*  \*\*\*\*\*

*Pro se* Plaintiff Charles G. Holt has failed to respond to the defendants' motion to dismiss this action, as well as this Court's Order expressly requiring him to do so upon peril of dismissal for his failure to prosecute this action. As explained below, his Complaint and Amended Complaint will be dismissed with prejudice.

## BACKGROUND

In August 2009, Holt, then confined in the United States Penitentiary-McCreary in Inez, Kentucky, filed this civil rights action against various prison officials. In his Complaint and Amended Complaint, he alleged that the defendants violated his Eighth Amendment rights by assaulting him without provocation, restraining him to a bed in a filthy cell for hours, using excessive force to restrain him, denying him food and the use of a bathroom, and denying him medical treatment

for injuries he received during the alleged assault. [D.E. No. 2]

At Holt's request [D.E. No. 40], this case was stayed from October 13, 2010, to October 4, 2011. [D.E. Nos. 44 & 46] In the Order staying the case, the Court directed the parties to file a status report on August 15, 2011. [D.E. No. 44, p. 3] The defendants complied [D.E. No. 45] but Holt filed no status report. Further, Holt was released from federal custody while the case was stayed but did not inform the Court of his new address as he had been ordered. [D.E. Nos. 52 & 53]

After they were served with process, eight defendants filed motions to dismiss the complaint or for summary judgment on February 27 and 29, 2012. [D.E. No. 57 & 58][1] Holt did not respond to either motion. After Holt had failed to respond for more than 90 days, on May 30, 2012, the Court ordered him to provide the Clerk with his current mailing address and to file a substantive written response to the motions within 21 days. In doing so, the Court expressly warned him that it would dismiss his complaint under Federal Rule of Civil Procedure 41(b) if he failed to respond. [D.E. No. 65] The record does not indicate that the copy of the Order which the Clerk of the Court mailed to Holt on May 30, 2012, has been returned in the mail as undeliverable. Nonetheless, Holt has again failed to respond to either motion.

---

[1] Defense counsel certified that they mailed copies of their motions to Holt at his last known address, [D.E. Nos. 57, p. 2, No. 58, p. 2] which they obtained not from Holt, but from an independent source.

## DISCUSSION

Federal courts have inherent authority to dismiss an action on their own initiative if a party fails to prosecute the case or comply with a court order, the Federal Rules of Civil Procedure, or the court's own local rules. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962). An involuntary dismissal for failure to prosecute generally operates as an adjudication on the merits. *Pepin v. Larchwood Healthcare Group, Inc.*, 2012 WL 253328, at *2 (N.D. Ohio 2012).

A district court must consider four factors in determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*citing Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

The first factor supports dismissal here because Holt failed to (1) keep the Court informed of his current address, as he had been directed to do in numerous prior orders, and (2) failed to respond to the defendants' motions filed over three months ago and the May 30, 2012, Order directing him to respond or risk dismissal for failure to prosecute. A party's failure to act in the face of a prior warning from

3

the court that the case would be dismissed is a powerful indication of wilful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. 1994) (*citing Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

The second and third factors also warrant dismissal of Holt's claims. The defendants have expended time and resources to defend this action which Holt has apparently abandoned. Finally, Holt's complete failure to keep the Court informed of his whereabouts and his failure to participate in this case since the stay was lifted in October 2011 precludes any other sanction less drastic than dismissal.

In light of Holt's disregard and abandonment of this action, the dismissal will be with prejudice. Numerous decisions in this circuit warrant dismissal of an action with prejudice where a plaintiff has simply stopped participating in a case which he initiated, either by failing to respond to discovery requests, motions to dismiss, or motions for summary judgment after the court has warned the plaintiff that inaction would result in dismissal of his claims. *Pepin*, 2012 WL 253328, at *2; *Jarnigan v. Steele*, 2011 WL 4437153, at *3 (M.D. Tenn. 2011); *Williams v. Santiago*, 2009 WL 2886051, at *3 (E.D. Mich. 2009); *Eagles Nest Ranch & Academy v. Bloom Tp. Bd. of Trustees*, 2007 WL 2359763 (S.D. Ohio 2007); *R.T. ex rel. Harris v. Cincinnati Public Schools*, 2006 WL 1476199, at *1-2 (S.D. Ohio 2006).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff Charles G. Holt's Complaint, [D.E. No. 2] and Amended Complaint [D.E. No. 13] are **DISMISSED WITH PREJUDICE**;

(2) The motion to dismiss, or in the alternative, a motion for summary judgment filed by Defendants Lori Foster, Randy Bledsoe, Shawn Cerrato, Ronnie Clark, Anthony Gadberry, Michael McDowell, David Schlosser, and Todd William [D.E. No. 57] is **DENIED** as **MOOT**;

(3) The motion to dismiss for failure to state a claim filed by Defendant Richard Parson [D.E. No. 58] is **DENIED** as **MOOT**;

(4) The Court will enter a judgment contemporaneously with this order; and

(5) This matter is **STRICKEN** from the Court's active docket.

This the 18TH day of July, 2010.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

5